UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN CHARLES BEYETT, | No. C-14-3153 EMC (pr) |
| Plaintiff, | |
| v. | **ORDER OF SERVICE** |
| BRAD SMITH; *et al.*, | |
| Defendants. | |

## I. INTRODUCTION

Lynn Charles Beyett, an inmate at San Quentin State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983. After the Court dismissed the original complaint with leave to amend, Mr. Beyett filed an amended complaint, which the Court now reviews pursuant to 28 U.S.C. § 1915A.

## II. BACKGROUND

The amended complaint alleges the following:

From May 9, 2012 through June 6, 2012, Mr. Beyett was in a work unit that was required to clean and/or work in an area containing lead paint and asbestos. Joe Dobie failed to provide Mr. Beyett with "personal protective equipment & training during inventory." Docket # 5 at 3. Mr. Dobie instructed Mr. Beyett "to remove lead base[d] paints from the windows & wall siding down to bare metal and wash steam line pipes encased with Asbestos" without providing proper training or proper protective gear to shield Mr. Beyett against the asbestos and lead exposure in the CAL-PIA mattress and bedding factory at San Quentin. *Id.* Mr. Beyett has several health problems resulting from his exposure to asbestos and lead paint.

PIA supervisor, Mr. Loredo, and PIA manager, Mr. Earley, intentionally attempted to minimize the severity of the exposure by failing to properly fill in worker's compensation forms that Mr. Beyett had been exposed to asbestos. Mr. Earley had put Mr. Dobie in charge as the supervisor of mattress and bedding, and Mr. Dobie was acting under and/or within Mr. Earley's authority when he ordered inmate employees to work under the hazardous conditions.

K.A. Davis, a correctional officer ("C/O"), did security checks on the area between May 9, 2012 through June 6, 2012. C/O Davis said there was a "good possibility" that there was lead in the paint and asbestos in the insulation. *Id.* at 11. C/O Davis also said he had notified Mr. Dobie and Mr. Young of the danger to the inmate workers.

On June 6, 2012, Mr. Beyett and other inmates became aware of the hazardous materials based on a report and statements made by Luu Rogers, a maintenance supervisor who toured the area that day.

After learning of the contamination, Mr. Earley and Mr. Dobie failed to follow proper procedures for decontamination. The inmate-workers were allowed to shower but were not given clean clothes.

Jeremy Young, the supervisor of the CAL-PIA bedding and mattress department at San Quentin, notified his supervisor, Mr. Dobie, of a potential asbestos and lead paint danger in removing the paint and disturbing the insulation. After notifying Mr. Dobie, Mr. Young did nothing further to safeguard the inmate workers; in fact, he instructed Mr. Beyett and other inmates to continue working, while he was aware of the risk to their health and safety. *Id.* at 10.

Several defendants took steps to deal with the situation on and after June 6, 2012. Elizabeth Babcock, a hazardous material specialist, identified asbestos and lead at the work site upon her arrival and immediately shut down the mattress and bedding factory. She then directed the prison officials to have the inmates evaluated for exposure to lead. B. Smith signed a form about the incident after the fact.

### III.  DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C.

§ 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Deliberate indifference to an inmate's health or safety violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Under the deliberate indifference standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but "must also draw the inference." *Id.* at 837. Liberally construed, the amended complaint states a cognizable Eighth Amendment claim against defendants Dobie, Earley, Loredo and Young for permitting or requiring Mr. Beyett to clean an area with lead paint and asbestos without adequate protective gear. *See Wallis v. Baldwin*, 70 F.3d 1074, 1076-77 (9th Cir. 1995) (requiring inmates to clean from attic material known to contain asbestos without protective gear demonstrated deliberate indifference).

Even with liberal construction, the amended complaint does not state a claim against C/O Davis, as the allegations against him do not suggest deliberate indifference. C/O Davis had informed the CAL-PIA supervisors of the risk of potential exposure to asbestos and lead paint in the area, and did not compel Mr. Beyett to work in the area.

The amended complaint does not state a claim against the other defendants who stopped the work in the area on June 6, 2012 when they learned of the asbestos and lead paint problem. The bedding and mattress factory was deemed unsafe and was closed on June 6, 2012. The defendants

who took steps on and after June 6, 2012 to stop the work and write reports about it after the fact are not liable for deliberate indifference to Mr. Beyett's safety for the already-completed exposure to the toxic substances.

Any mishandling or failure to grant Mr. Beyett's inmate appeal in the prison administrative appeal system does not amount to a due process violation. There is no federal constitutional right to a prison administrative appeal or grievance system for California inmates. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) (prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause); *Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993). Prison officials are not liable for a due process violation for simply failing to process an appeal properly or failing to find in Mr. Beyett's favor.

Plaintiff alleges several state law claims. It appears that some or all of these may be barred by the rule that the workers' compensation system is the exclusive remedy of an employee for an industrial injury. *See* Cal. Labor Code § 3600 *et seq*. The defendants being served must address the state law claims in their answer and/or dispositive motions.

## IV. CONCLUSION

1. The amended complaint states a cognizable § 1983 claim against Joe Dobie, Philip Earley, Gary Loredo, and Jeremy Young for a violation of Plaintiff's Eighth Amendment rights.

2. The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the amended complaint and a copy of all the documents in the case file upon the following defendants, who apparently work in the Prison Industries section of San Quentin State Prison.

- Joe Dobie (CAL-PIA)
- Philip Earley (CAL-PIA)
- Gary Loredo (CAL-PIA)
- Jeremy Young (CAL-PIA)

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

4

    a.    No later than **January 15, 2015**, Defendants must file and serve a motion for summary judgment or other dispositive motion. If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the motion is due. If Defendants file a motion for summary judgment, Defendants must provide to Plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).

    b.    Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendants no later than **February 13, 2015**. Plaintiff must bear in mind the notice and warnings regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

    c.    If Defendants wish to file a reply brief, the reply brief must be filed and served no later than **February 27, 2015**.

4.    Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

If a defendant files a motion for summary judgment for failure to exhaust administrative remedies, he is seeking to have the case dismissed. As with other defense summary judgment motions, if a

motion for summary judgment for failure to exhaust administrative remedies is granted, the plaintiff's case will be dismissed and there will be no trial.

5. All communications by Plaintiff with the Court must be served on a defendant's counsel by mailing a true copy of the document to the defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, Plaintiff may mail a true copy of the document directly to the defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

IT IS SO ORDERED.

Dated: November 12, 2014

_____
EDWARD M. CHEN
United States District Judge