UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN CHARLES BEYETT, | No. C-14-3153 EMC (pr) |
| Plaintiff, | |
| v. | **ORDER** |
| BRAD SMITH; *et al.*, | |
| Defendants. | |

Defendant Young requested an extension of the deadline to file a dispositive motion. Defendants Dobie, Earley and Loredo also requested an extension of the deadline to file a dispositive motion. Upon due consideration, the requests are GRANTED. Docket # 13 and Docket # 18. As Defendant Young is represented by a separate attorney, he may file a separate dispositive motion. The Court now sets the following new briefing schedule for the dispositive motions:

1. No later than **April 3, 2015**, Defendants must file and serve a motion for summary judgment or other dispositive motion. If Defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, Defendants must so inform the Court prior to the date the motion is due.

2. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendants' counsel no later than **May 1, 2015**.

3. Defendants' reply, if any, must be filed no later than **May 15, 2015**.

Plaintiffs' motion to compel the defendants to file an answer to his complaint is DENIED. Docket # 15. Defendants have filed waivers of the reply (*see* Docket # 12 and # 14), and those are sufficient at this time.

1    Plaintiff's "request for attorney not filing with this court, withdrawal from case" is DENIED.
2 Docket # 17.  The California Attorney General's office never filed an appearance in this action, and
3 therefore had no obligation (or right) to file a withdrawal.

4    Plaintiff's request for the California Attorney General's office to send him a copy of their
5 production of documents in another case is DENIED.  Docket # 16.  As mentioned in the preceding
6 paragraph, the California Attorney General's office does not represent a defendant in this action.  If
7 Plaintiff wants to obtain documents, he needs to make a discovery request in compliance with
8 Federal Rules of Civil Procedure 26-37.  If he is unable to obtain adequate responses to his properly-
9 made discovery requests, he may file a motion to compel, but must first make a good faith effort to
10 meet and confer to resolve any discovery dispute.  *See* Fed. R. Civ. P. 37(a).

11    Plaintiff's request for a protective order prohibiting Defendants from obtaining his central
12 file is DENIED.  Docket # 19.  Plaintiff urges that his central file is not relevant to this "medical
13 civil lawsuit."  *Id.* at # 19. "Parties may obtain discovery regarding any nonprivileged matter that is
14 relevant to any party's claim or defense . . .   Relevant information need not be admissible at the trial
15 if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed.
16 R. Civ. P. 26(b).  Plaintiff understates the breadth of this action; although he does assert claims
17 pertaining to medical care, he also asserts claims pertaining to prison work conditions and attaches
18 to his amended complaint copies of prison administrative grievances and responses thereto.  His
19 central file may contain information relevant to, or reasonably calculated to lead to the discovery of
20 admissible evidence pertaining to his claims, his credibility, and any damages he might recover.
21 Defendants are not precluded from subpoenaing Plaintiff's central file.

23    IT IS SO ORDERED.

25 Dated: January 29, 2015

_____
EDWARD M. CHEN
United States District Judge

2